UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRIS CRISMAN,

    Plaintiff,

v.    Case No. 8:19-cv-2963-T-24 AAS

INTUITION SALON AND SPA, LLC,
ET AL.,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion for Default Judgment. (Doc. No. 20). As explained below, the motion is granted in part.

## **I. Background**

Plaintiff Chris Crisman alleges the following in his first amended complaint (Doc. No. 9), and his allegations are deemed admitted by Defendants: Plaintiff is a professional photographer that licenses reproduction rights in his photographs for a fee. Plaintiff registered one of his photographs, a picture of a woman getting a facial at a spa entitled "cc2011014" ("the Work"), with the Register of Copyrights on April 4, 2011.

Defendants Dawn Doerges and Randall Gillion have served as directors and/or officers of Defendant Intuition Salon and Spa, LLC ("ISS"). Defendants copied the Work without Plaintiff's permission and without paying Plaintiff a licensing fee. Defendants posted the Work on ISS's website to advertise ISS's services. As a result, Plaintiff filed the instant action for copyright infringement, in which Plaintiff seeks monetary damages, injunctive relief, attorney's fees, and costs.

## II.  Motion for Default Judgment

Plaintiff seeks default judgment on his copyright infringement claim.  In order to establish copyright infringement, Plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.  See Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991).  Plaintiff has proven these two elements.  (Doc. No. 9, 9-1, 9-2).

Plaintiff alleged in the first amended complaint that Defendants' acts were willful, and that allegation is deemed admitted.  "Willful infringement has been described as when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright."  Arista Records, Inc. v. Beker Enterprises, Inc., 298 F.Supp.2d 1310, 1312 (S.D. Fla. 2003)(quotation marks and citation omitted).  "[T]his Court may infer that Defendants willfully infringed Plaintiff['s] copyright[] because of Defendants' default."  Id. at 1313.

### A.  Damages

In general, an infringer of a copyrighted work is liable for either: (1) the copyright owner's actual damages, plus the infringer's profits; or (2) statutory damages.  17 U.S.C. § 504(a).  Plaintiff seeks an award of statutory damages.

The amount of statutory damages to be awarded depends on whether the infringement was willful.  Based on the evidence before the Court, the Court finds that Defendants' infringement was willful.  When the Court finds willful infringement, it may, in its discretion, award statutory damages in an amount up to $150,000.  17 U.S.C. §504(c)(2).

In determining the appropriate amount of statutory damages to award, this Court first considers what Plaintiff's actual damages are.  Plaintiff has provided evidence that he would

normally charge a $5,000 licensing fee to use the Work for one year.  However, Plaintiff argues that the Court should apply a scarcity multiplier of five times the licensing fee to determine his actual damages, because the Work has significant enhancements that make it scarce, and the Work has lost significant value due to Defendant's dissemination of the work on their website.  The Court has considered Plaintiff's request and declines to apply a scarcity multiplier.

However, when taking into consideration Defendants' willfulness and the fact that the Court is unable to determine the amount of profits Defendants generated by their infringement, the Court finds that Plaintiff's statutory damages should be calculated at two times the licensing fee.  Therefore, the Court awards Plaintiff statutory damages of $10,000 for Defendants' willful infringement.

### B.  Injunctive Relief

Plaintiff also seeks a permanent injunction against Defendants that prohibits them from infringing Plaintiff's copyrights.  Pursuant to 17 U.S.C. §502(a), this Court may award Plaintiff injunctive relief "on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  Accordingly, the Court will award Plaintiff the requested injunctive relief.

### C.  Attorney's Fees and Costs

Plaintiff seeks an award of $7,200 in attorney's fees and $600 in costs.  Pursuant to 17 U.S.C. §505, the Court may award Plaintiff his attorney's fees and costs.  The Court has reviewed Plaintiff's costs and finds that an award of $600 in costs is appropriate.  The Court has also reviewed the attorney's fees being sought, and Court finds that the amount of attorney's fees awarded must be reduced.

The Court applies the federal lodestar approach for determining reasonable attorneys' fees.  Under this approach, the Court multiplies the number of hours reasonably expended on the

litigation times a reasonable hourly rate. Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)(citation omitted). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303 (citation omitted).

A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299 (citations omitted). The Court may use its own expertise and judgment to make an appropriate independent assessment of the reasonable value of an attorney's services. See id. at 1304. Plaintiff's attorney billed at a rate of $300 per hour, and the Court finds that to be a reasonable hourly rate.

In calculating what hours were reasonably expended on litigation, the Court should exclude excessive, unnecessary, and redundant hours, and it should also exclude any time spent litigating discrete and unsuccessful claims. See id. at 1301, 1302 (citation omitted). In this case, Plaintiff's attorney seeks reimbursement for 24 hours expended on this litigation. Nineteen of those hours were spent drafting, reviewing, and revising the motion for default judgment and declarations in support. While these documents were thorough and well prepared, it was unreasonable for Plaintiff's attorney to bill for more than 10 hours on these tasks. Accordingly, the Court reduces the number of hours reasonably expended on this litigation from 24 to 15 (*i.e.,* a 9-hour reduction).

Based on the above, Plaintiff is awarded attorney's fees at a rate of $300 per hour for 15 hours expended on this litigation. Thus, Plaintiff is awarded $4,500 in attorney's fees.

### III. Conclusion

Based on the above, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment (Doc. No. 20) is **GRANTED** to the following extent:

(1) Plaintiff is awarded $10,000 in statutory damages, $4,500 in attorney's fees, and $600 in costs from Defendants Dawn Doerges, Randall Gillion, and Intuition Salon and Spa, LLC. Defendants are jointly and severally liable for these amounts. The Court also awards prejudgment and post-judgment interest.

(2) Plaintiff is awarded the following injunctive relief against Defendants: Defendants Intuition Salon and Spa, LLC, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them, who receive actual notice by personal service or otherwise ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from: (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from Plaintiff's copyrights or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of Plaintiff's copyrights.

(3) The Clerk is directed to enter judgment in Plaintiff's favor and against Defendants as set forth above. The Clerk is directed to **CLOSE** this case.

DONE AND ORDERED at Tampa, Florida, this 27th day of March, 2020.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record